**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Todd Ray BURNSIDE, Defendant—
Appellant.**

**No. 04–30456.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2006.*

Decided Sept. 15, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Susan B. Dohrmann, Esq., Douglas B. Whalley, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Charles A. Johnston, Esq., Felker, Lazares & Johnston, Tacoma, WA, for Defendant–Appellant.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM **

Todd Ray Burnside appeals from the district court's judgment revoking supervised release and imposing a 24–month term of imprisonment. We review de novo the district court's exercise of jurisdiction, *United States v. Ortuño–Higareda,* 450 F.3d 406, 409 (9th Cir.2006), and we affirm.

Burnside contends that the district court lacked jurisdiction to revoke his supervised release, because the operative petition alleging the violations at issue was filed after his term of supervised release expired. This contention is unavailing. *See* 18 U.S.C. § 3624(e) (providing that a term of supervised release does not run while the person is imprisoned in connection with a separate offense unless period of imprisonment is less than 30 days). Before the expiration of his term of supervised release, Burnside began serving a term of imprisonment in Washington state, and he has been continuously serving that sentence ever since. This is so despite his appearance for a federal prosecution on a detainer, during which time the Interstate Agreement on Detainers mandates that time served on his Washington sentence shall continue to run. *See* 18 U.S.C.App. § 2, art. V, § (f). Accordingly, the term of supervised release had not expired at the time of the petition, and the district court's exercise of jurisdiction was proper.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.